**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:     maimons@aol.com

Attorney for Plaintiff
DAVID SUH and 3160
8th LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUH; 3160 8th LLC,<br><br><br>Plaintiffs,<br><br>v<br><br>CITY OF LOS ANGELES, a municipal corporation; DOES 1-10 INCLUSIVE,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF; STATE SUPPLEMENTAL CLAIM**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs, DAVID SUH and 3160 8th LLC ("Plaintiffs" or as individually named) hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983. State supplemental jurisdiction exists under 28 U.S.C. Section 1367.

## PARTIES

1. Plaintiffs are the legal and beneficial owners and operators of real property commonly known as the HOMETEL SUITES ("HS," or "Property," or "Hotel") located at 3160 W. 8th Street, Los Angeles, CA 90005.

2. Defendant CITY OF LOS ANGELES, a municipal corporation, was at all times material herein an incorporated municipality in Los Angeles County, CA, duly formed under the laws of the State of California.  ("City," or collectively with all other defendants "Defendants").

3. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of

the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

4.  Plaintiffs are successful real estate and hotel and motel developers who have successfully operated the abovementioned property in the City.

5. During the time that Plaintiffs have individually operated HS, they have done so lawfully and in compliance with all local, state and federal laws.

6.  In 2008, the City adopted a residential hotel conversion ordinance ("Ordinance") claiming to adopt such ordinance in order to convert various transient hotel and motels to residential hotels in order to provide alternative sources of affordable long tern housing.

7.  In applying the Ordinance, the City first made initial determinations of whether a transient hotel or motel operated as such by a majority of units rented on a designated date of October 11, 2005, in order to determine if such a transient hotel or motel would be designated residential if a majority of units were rented as residential units on such date.

8.  Plaintiffs purchased the subject property in 2016 and were never provided a hearing as to whether they were subject to the Ordinance.

9. If a transient hotel or motel was designated as residential pursuant to the Ordinance, the Ordinance then required that the City determine the number of units that could still operate as transient units based on the operation of the hotel or motel on the designated date of October 11, 2005, and the City was required to provide the hotel and motel owner and operator with an administrative hearing to determine such in order for the original designation of residential hotel status would become administratively final and judicially reviewable under "ripeness" grounds.

10. Prior to, and since the adoption of the Ordinance until the present, the City, pursuant to the City municipal code and charter, has issued transient occupancy tax ("TOT") licenses to the Plaintiffs and HS, by which the City's TOT ordinance requires that they charge and collect from occupants a transient occupancy tax for the right of occupancy for the first thirty (30) days of occupancy as codified in the City's TOT ordinance equivalent to the TOT taxing authority for general law cities in California under California Revenue and Taxation Code Section 7280.

11. Pursuant to the TOT licenses issued to the Plaintiffs and HS, the City set up TOT accounts and TOT account numbers for the Plaintiffs in order to make such required TOT payments and in order to track that payments are current.

12. Pursuant to the TOT licenses issued to the Plaintiffs and HS, until the present, have charged and collected from occupants a transient occupancy tax for the right of occupancy for the first thirty (30) days of occupancy as codified in the City's TOT ordinance and paid the City on a monthly basis the TOT tax collected from the public which the City has accepted. Such a TOT tax is prohibited to be collected by the TOT ordinance from occupants residing at residential properties and apartments.

13. Pursuant to California Civil Code Section 1940(b)(1), the California Landlord-Tenant Law generally applicable to residential occupancy in the State of California, is specifically exempted for "[t]ransient occupancy in a hotel, motel, residence club, or other facility when the transient occupancy is or would be subject to

4

tax under Section 7280 of Revenue and Taxation Code," reflecting a statewide policy that such properties subject to the TOT are transient occupancy properties and not residential properties in which Landlord-Tenant law is applicable.

14. Further, California Penal Code Section 602(s) makes it a misdemeanor crime for an occupant to a hotel or motel to not pay their rent and occupy such a unit within the first thirty (30) days of occupancy, in contrast to residential housing in the State of California which imposes no such criminal penalty.

15. The City's zoning ordinances further reflect that long term permanent occupancy in residential units at residential properties must meet minimum housing requirements such as cooking and space requirements for multi-individual occupancy, which is specifically exempted for transient occupancy hotels and motels such as Plaintiffs' in order to prevent such occupancy from becoming a public health hazard or nuisance.

16. The City in adopting its Ordinance did not amend the City's zoning laws to reflect an exemption for long term occupancy at hotels and motels and pursuant to the City's zoning ordinances, any long term occupancy at originally designated transient occupancy hotels and motels such as Plaintiffs' hotel, so designated many years prior to the adoption of the Ordinance is a "nuisance per se" under generally applicable California law.

17. From the date of the adoption of the Ordinance until the present, City code enforcement inspectors have never cited Plaintiffs or HS above for violation of the Ordinance for allegedly renting their units on a transient basis.

18. Even pursuant to the Ordinance, the City has failed to this date to hold hearing or make a determination as to how many of HS's would be determined to be transient occupancy tax units.

19. The City also never provided notice or a hearing to Plaintiffs as to any determination under the Ordinance.

20.    The City has adopted a program within the past year that allows the City to enter into contracts with hotels and motels in the City in order to place low income and "homeless" individuals for occupancy at such properties (called the "Inside Safe Program"), in which the City, or their designated service providers, operate the hotels and motels under contract.

21.    The City's policy in implementing the Inside Safe Program to not permit low income and "homeless" individuals for occupancy at such hotels and motels in the City to obtain permanent renter status that would give such individuals habitability rights and Landlord-Tenant eviction protections pursuant to California Civil Code Section 1940, et seq., and this policy by the City is to allow the City to operate the hotels and motels so contracted only for transient, not permanent occupancy.

22.    On or about July 20, 2023, the City Los Angeles Housing Department ("LAHD") sent the Plaintiffs a notice and order to comply and complaint inspection notice  ("Notice"), to inspect to determine alleging Plaintiffs were violating the Ordinance by unlawful conversion of a residential unit within a designated residential hotel, an alleged violation of Los Angeles Municipal Code ("LAMC") Section 47.78 and 47.789A) and a violation of Zoning, relating to the alleged unlawful use of a residential hotel with only residential units for short term and/or transient occupancy, in alleged violation of LAMC Section 12.21.A.1(a) and 12.22.A.32.

23.    Plaintiffs refused inspection under their Fourth Amendment rights and timely appealed the LAHD Notice on August 24, 2023 in accordance with LAMC Sections 47.82.C and 47.84.

24.    The City and LAHD then unilaterally, and without Plaintiffs' prior consent or knowledge, appointed an outside hearing officer by the name of Beth Rosen-Prinz ("BRP"), an individual who contracts and is paid by the City to conduct LAHD general manager hearings and appeals such as Plaintiffs.

25.    On October 24, 2023, Plaintiffs' present counsel Frank A. Weiser

6

("FAW") appeared with Plaintiffs ("Hearing").

26.   Plaintiffs contended at the hearing that they had a TOT license to operate as a transient hotel and had, and are currently collecting, TOT on behalf of the City under the LAMC and TOT license, under criminal and civil penalties, if they do not collect and remit it to the City from transient occupants at the hotel.

27.   Plaintiffs further contended that the City has both prior to, and since the purchase of the Hotel by Plaintiffs until the present accepted the TOT collected and remitted to the City by Plaintiffs and HS, and never previously cited Plaintiffs for doing so or for renting on a transient occupancy basis.

28.   At the appeal hearing as stated in paragraph 25-26 above, Plaintiffs, and through FAW, contended that the Notice and the Ordinance, both on its face and as applied to Plaintiffs, violated, among other constitutional provisions the "void for vagueness" doctrine as the Notice and Ordinance claimed that Plaintiffs could not rent HS on a transient occupancy basis, and doing so would subject him to civil and criminal penalties under the Ordinance and LAMC, yet under the TOT ordinance and TOT ordinance and TOT licenses, HS is designated as a transient occupancy hotel and Plaintiffs are permitted to rent HS on a transient occupancy basis and is required to collect the TOT from the transient occupants and guests, and not doing so subjects them to civil and criminal penalties under the TOT ordinance and the LAMC.

29.   At the appeal hearing as stated in paragraph 25-26 above, Plaintiffs, and through FAW, contended that the Notice and the Ordinance, both on its face and as applied to Plaintiffs, violated, among other constitutional provisions the "void for vagueness" doctrine as the Notice and Ordinance claimed that HS could not rent on a transient occupancy basis and was in violation of the City's Zoning ordinances as stated in paragraph 22 above, yet the City's Certificate of Occupancy reflecting the zoning classification for HS designates it as allowing use of the units as guest and transient occupancy units, and had never modified by the City otherwise.

30.   At the appeal hearing as stated in paragraph 25-26 above, Plaintiffs,

and through FAW, that improper and ineffective notice of any determination of HS and was legally ineffective as a matter of law under the procedural component of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

31. At the appeal hearing as stated in paragraph 25-26 above, Plaintiffs, and through FAW, contended that the Notice and the Ordinance, both on its face and as applied to Plaintiffs, violated the First Amendment Petition and Grievances Clause, the evidence gathered violated the Fourth Amendment Search and Seizure Clause, violated the Fifth Amendment Takings Clause, and the substantive and procedural components of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

32. On November 17, 2023, after BRP took the matter under submission, BRP and the City and LAHD issued a written decision ("Decision") denying Plaintiffs' appeal of the Notice and BRP stated in her decision that she did not have the legal authority to decide Plaintiff's constitutional challenges raised at the appeal hearing.

33. The Decision stated on its face that it was a final administrative decision and that any further challenges or appeals must be made in a court of law, and referenced an appeal could be taken pursuant to California Code of Civil Procedure Section 1094.5, but was not verified and mailed to Plaintiffs and FAW, by the City Clerk, as required by California Code of Civil Procedure Section 1094.6.

34. The City has also demanded that the Plaintiffs permit the inspection of HH, without their consent or a warrant in order to determine that the Plaintiffs have further complied with the Notice.

35. In 2015, the LOS ANGELES LODGING ASSOCIATION ("LALA"), an association of hotel and motel operators in the City, who successfully challenged and voided on facial Fourth Amendment grounds, before the United States Supreme Court, in a case entitled City of Los Angeles v Patel, 576 U.S. 409 (2015), Los Angeles Municipal Code Section 41.49 that authorized at such time that City law enforcement could inspect on demand without a warrant or consent a hotel or motel owner or

operator's motel registration records.

36.     Pursuant to the Patel case, the City amended Los Angeles Municipal Code Section 161.601, et seq., the physical inspection ordinance of all properties in the City, including hotels, motels, or long term permanent housing such as homes and apartments, that would permit an owner or operator of a property to seek pre-compliance judicial review without threat of imposition of any fine and/or penalty for refusal of entry into the premises for the inspection in absence of an inspection warrant issued by a judge.

37.     Pursuant to Los Angeles Municipal Code Section 161.601, et seq., a property owner or operator, such as Plaintiffs, may seek judicial review of the proposed inspection rather than have such an inspection by way of a warrant.

38.     After receiving the Notice from the City and the demand to inspect, Plaintiffs in filing an appeal of the Notice with the City also objected to the inspection of HS without a warrant, and informed the City of the exercise of their rights under the Fourth Amendment of the United States Constitution and Los Angeles Municipal Code Section 161.601, et seq.

39.     Nevertheless, the City continues to threaten to inspect HS above without regard to Plaintiffs' rights under the Fourth Amendment of the United States Constitution and Los Angeles Municipal Code Section 161.601, et seq.

40.     In seeking warrants to inspect properties, the City has a policy, custom, or practice to have such warrants issued by a criminal law judge without a case number entered into the court system in order for such warrants to be in effect judicially unreviewable.

41.     There is no probable cause for the issuance of the notice or the demand to inspect HS.

Based on the above facts, Plaintiffs allege the following claims.

## FIRST CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1983 by Plaintiffs Against All Defendants)

42. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-41 above.

43. Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

44. Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause, and, but not limited to, the Notice and Ordinance on its face and as applied to Plaintiff is "void for vagueness" under the Fourteenth Amendment's Due Process Clause.

45.    Plaintiffs further allege that in doing all of the things herein mentioned, the City, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, as described in paragraphs 1-41 set forth herein, pursuant to the City's official policy, custom or practice.

46.    Defendants are not entitled to any immunity, qualified or otherwise, and the individual City officials employed by the City whose identity are unknown now, are not entitled to qualified immunity.

47.    As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and are also entitled to appropriate declaratory and injunctive relief.  Plaintiffs are also entitled to his reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

**(Petition of Writ of Mandate by Plaintiffs
Against Defendant City of Los Angeles Only)**

48.    Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-47 above.

49.    Plaintiffs' equitable state remedy in seeking review of the City's decision to deny the Plaintiffs' appeal of the Notice is to seek mandamus review by way of this Writ Petition under California Code of Civil Procedure section 1094.5.

50.   The City violated its duties both under California state law and federal law, and specifically, although not limited to, violating by the issuance of the Notice and the denial of the appeal of the Notice in a manner as required by law, without the support of competent evidence.

51.   Plaintiffs elect to not expose their federal constitutional claims in this state Writ Petition and preserve their federal constitutional claims to be litigated under 42 U.S.C. 1983 and by way of an England reservation. See England v Medical Examiners, 375 U.S. 411 (1964).

52.   Further, this Writ Petition is a special proceeding under California state law and has no preclusive effect on Plaintiffs' constitutional claims under 42 U.S.C. Section 1983, and such constitutional claims and remedies provided under 42 U.S.C. Section 1983 is supplemental to any state remedy and not contingent on such state remedy.

79.   By the City failing to give the required notice under California Code of Civil Procedure section 1094.6, this Writ Petition is tolled under California Code of Civil Procedure section 1094.6 and applicable California law, and is also equitably tolled under Ninth Circuit precedent.

WHEREFORE, Plaintiffs prays judgment against the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1.   For damages according to proof at trial but

believed to be not less than $10,000,000.00;

2.   For appropriate declaratory and injunctive relief;

3.   For attorney's fees;

12

## SECOND CLAIM FOR RELIEF

4.   For a writ of mandate vacating and reversing the Notice and denial of Plaintiff's appeal;

## FOR ALL CLAIMS FOR RELIEF

5.   For costs of suit;

6.   For such other and further relief as the Court deems proper.

Dated: February 13, 2024          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs DAVID SUH and 3160
8th LLC

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: February 13, 2024          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs DAVID SUH and 3160
8th LLC

13